IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION



FREDDIE LEWIS IRVIN,

      Plaintiff,

v.

JEFF COLEMAN, et al., in their individual
and official capacities,

      Defendants.

CIVIL ACTION NO.: 5:20-cv-109

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. For the reasons which follow, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. Plaintiff's official capacity claims for monetary damages against all Defendants; and

2. Plaintiff's Eighth Amendment claim for denial of diet food against Defendants Boggs, Barkley, Kitchen, Daniels, Brown, Jowcers, Green, Martin, Jame, Varnadore, Bolds, Henderson, and Heaton.

However, I **FIND** two of Plaintiff's claims may proceed. Specifically, the Court will direct service of Plaintiff's Eighth Amendment cruel and unusual punishment claim for locking him in a shower for 34 hours against Defendants Coleman, Wicker, Johnson, Payne, Carver, John Doe 1, and John Doe 2, and Plaintiff's Eighth Amendment conditions of confinement claims against Defendants Johnson, Carver, and Williams for leaving Plaintiff without sheets, towels, and personal hygiene items for a month.

**PLAINTIFF'S CLAIMS**[1]

Plaintiff brings this action under § 1983, alleging violations of his constitutional rights. Doc. 1. First, Plaintiff contends from December 9 to December 11, 2019, Defendants Johnson and Carver locked Plaintiff in a shower without food, water, or access to a toilet. Id. at 11. Defendants John Doe 1 and John Doe 2 assisted Defendants Johnson and Carver with locking Plaintiff in the shower and kept him locked there without food, water, or a toilet for about 34 hours. Id. at 11–12. On December 10, 2019, Defendant Payne found Plaintiff locked in the shower but refused to return him to his cell, instead leaving Plaintiff locked in the shower. Id. at 12. Defendants Coleman and Wicker also knew, or should have known, Plaintiff was locked in the shower but refused to intervene. Id. at 13–14. Plaintiff alleges locking him in the shower and refusing to intervene violates his Eighth Amendment rights. Id. at 11. Moreover, locking Plaintiff in the shower caused him physical injuries and emotional distress. Id. at 21.

Additionally, Plaintiff brings a claim against Defendants Johnson, Carver, and Williams related to the confiscation of Plaintiff's personal property. Id. at 14. Defendants Johnson, Carver, and Williams confiscated Plaintiff's personal property for 31 days, leaving him unable to brush his teeth, take showers, or change his clothes and without bed sheets, towels, or a face cloth. Id. at 15. Plaintiff contends Defendants' confiscation of his personal property, leaving him without the ability sheets, towels, and personal hygiene items, violates his constitutional rights. Id.

Finally, Plaintiff brings a claim against Defendants Boggs, Barkley, Kitchen, Daniels, Brown, Jowcers, Green, Martin, Jame, Varnadore, Bolds, Henderson, and Heaton for denying

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

him diet meal trays.  Id. at 15–20.  Plaintiff contends on 32 occasions from December 31, 2019 to May 14, 2020, Defendants each denied him one or more diet meals.  Id.  Plaintiff brings Eighth Amendment claims against the above-listed Defendants for denying him diet meals.  Id.  Plaintiff states the denial caused him mental, emotional, and physical injury but required no medical attention.  Id. at 21.  Plaintiff is suing all Defendants in their official and individual capacities and seeks monetary damages for the alleged constitutional violations.  Id. at 5–7, 10.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than

3

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

### I. Official Capacity Claims

Plaintiff is suing all Defendants in their official capacities for monetary damages. Doc. 1 at 5–7. Plaintiff, however, cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983. Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of Georgia's Department of Corrections. The Eleventh Amendment immunizes Defendants from suit for monetary damages in their official capacities. Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief. Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983.

### II. Plaintiff's Eighth Amendment Claims for Denial of Diet Food

Plaintiff brings a claim against Defendants Boggs, Barkley, Kitchen, Daniels, Brown, Jowcers, Green, Martin, Jame, Varnadore, Bolds, Henderson, and Heaton for denying him diet

4

meal trays, violating his Eighth Amendment rights. Doc. 1 at 15–20. Plaintiff alleges the above-listed Defendants, in total, denied him 32 diet meals over the course of more than four months. Id. Plaintiff does not explain why he needs diet meals or allege any specific injuries associated with the denial of diet meal trays. Further, Plaintiff fails to allege whether these Defendants provided him with meals other than his diet meals or no meals at all.

Even if Defendants provided Plaintiff with no meals, however, he would fail to state an Eighth Amendment claim. Prison officials have a duty, in light of the Eighth Amendment's prohibition against cruel and unusual punishment, to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). To determine whether an inmate's Eighth Amendment rights were violated by a deprivation, courts must examine the alleged violation both objectively and subjectively. "First, the deprivation alleged must be, objectively, sufficiently serious." Id. (quotation omitted). Second, the mental state of the prison official must have been "one of deliberate indifference to inmate health or safety." Id. (quotation omitted).

The "[w]ithholding of food does not *per se* constitute an objectively serious deprivation in violation of the Constitution." Adair v. Okaloosa Cnty. Jail, No. 3:07-cv-425, 2008 WL 564616, at *2 (N.D. Fla. Feb. 27, 2008) (citing Reed v. McBride, 178 F.3d 849, 853 (7th Cir. 1999)). Rather, "[t]he circumstances, nature, and duration of a deprivation of life's necessities must be considered in determining whether a constitutional violation has occurred." Id. "In general, the severity and duration of deprivations necessary to state a constitutional violation are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations of shelter, food, drinking water, and sanitation' may meet the standard despite a shorter duration." Id. (quoting Deapain v.

5

Uphoff, 264 F.3d 965, 974 (10th Cir. 2001)); see also Whitnack v. Douglas County, 16 F.3d 954, 958 (8th Cir. 1994) (noting the "Eighth Amendment requires that inmates be provided well-balanced meals, containing sufficient nutritional value to preserve health" but finding that "[w]hether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation").

Receiving "a minimal amount of food for a limited number of days" is not an Eighth Amendment violation. Oliver v. Gafford, No. 5:15-cv-153, 2018 WL 1938308, at *8 (N.D. Fla. Jan. 19, 2018) (quoting Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 865 (11th Cir. 2008)); see e.g., Hernandez, 281 F. App'x at 866 (affirming dismissal for failure to state a claim when the plaintiff was routinely deprived of lunch "five days a week for about five months" when the plaintiff was not "deprived of the two other daily meals" and did not allege "physical harm" from the deprivation of food which "posed an unreasonable risk of serious damage to his health"); Berry v. Brady, 192 F.3d 504, 506–08 (5th Cir. 1999) (finding no Eighth Amendment violation in denying an inmate eight meals over seven months and noting plaintiff failed to allege specific physical harm and did not claim he lost weight, suffered other adverse physical effects, or his health was at risk); Gardner v. Beale, 780 F. Supp. 1073 (E.D. Va. 1991) (providing prisoner with only two meals per day, with an 18-hour interval between dinner and brunch, did not satisfy objective component of Eighth Amendment standard).

"[C]ourts that have found constitutional violations when inmates were deprived of food have done so only when presented with more serious violations." Adair, 2008 WL 564616 at *3; see e.g., Simmons v. Cook, 154 F.3d 805, 809 (8th Cir. 1998) (finding a viable Eighth Amendment claim when plaintiffs, during a 32-hour confinement, "missed four consecutive meals because their wheelchairs could not reach the food tray slots" and "were unable to have a

6

bowel movement" because of the lack of "the necessary supplies or assistance"); Cooper v. Sheriff of Lubbock Cnty., 929 F.2d 1078 (5th Cir. 1991) (finding unconstitutional the prison's failure to feed a prisoner any food for 12 consecutive days); Dearman v. Woodson, 429 F.2d 1288, 1289 (10th Cir. 1970) (finding a viable Eighth Amendment claim when a prisoner was denied any food for over 50 hours); Lunney v. Brureton, No. 04-cv-2438, 2005 WL 121720, at *6 (S.D.N.Y. Jan. 21, 2005) (finding an inmate's allegations that his meals were regularly spoiled or improperly prepared on "numerous occasions" and the inmate could either eat the meals and become sick or not eat and suffer from malnutrition satisfied the Eighth Amendment's objective component).

Here, construing Plaintiff's Complaint liberally, he alleges Defendants failed to provide him with a diet meal on 32 occasions over 136 days' time.  Doc. 1 at 12–15.  Based on Plaintiff's Complaint, however, it appears he received at least one meal a day and missed no more than two consecutive meals during that time period.  The occasional denial of a meal for which Plaintiff seeks relief does not show a violation which, viewed objectively, is sufficiently serious to implicate the Eighth Amendment.  See Hernandez, 281 F. App'x at 862 (11th Cir. 2008) (finding no constitutional violation even when the inmate was routinely deprived of lunch).  Additionally, Plaintiff does not allege with any specificity that he suffered any adverse physical effects from missing meals.  Thus, I **RECOMMEND** the Court **DISMISS** Plaintiff's Eighth Amendment claim against Defendants Boggs, Barkley, Kitchen, Daniels, Brown, Jowcers, Green, Martin, Jame, Varnadore, Bolds, Henderson, and Heaton.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. Plaintiff's official capacity claims for monetary damages against all Defendants; and

2. Plaintiff's Eighth Amendment claim for denial of diet food against Defendants Boggs, Barkley, Kitchen, Daniels, Brown, Jowcers, Green, Martin, Jame, Varnadore, Bolds, Henderson, and Heaton.

However, I **FIND** two of Plaintiff's claims may proceed. Specifically, the Court will direct service of Plaintiff's Eighth Amendment cruel and unusual punishment claim for locking him in a shower for 34 hours against Defendants Coleman, Wicker, Johnson, Payne, Carver, John Doe 1, and John Doe 2, and Plaintiff's Eighth Amendment conditions of confinement claims against Defendants Johnson, Carver, and Williams for leaving Plaintiff without sheets, towels, and personal hygiene items for a month.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 16th day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA