IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| FREDDIE LEWIS IRVIN,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFF COLEMAN, et al.,<br><br>    Defendants. | CIVIL ACTION NO.: 5:20-cv-109 |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 21.[1] This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Amended Complaint: Plaintiff's Fourteenth Amendment equal protection claim; and Plaintiff's Eleventh Amendment claim. However, I **FIND** some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order:

1.  Plaintiff's Eighth Amendment cruel and unusual punishment claim against Defendants Carver, Johnson, John Doe 1, John Doe 2, Payne, Coleman, and Wicker;

2.  Plaintiff's conditions of confinement claim against Defendants Johnson, Carver, and Williams; and

---

[1] Plaintiff initially filed his Complaint on August 20, 2020, doc. 1, and the Court conducted frivolity review, doc. 11. In the resulting Report, I recommended dismissal of several of Plaintiff's claims. Id. In Plaintiff's objections, he stated new claims, and the Court vacated its December 16, 2020 Report and ordered Plaintiff to file an Amended Complaint. Doc. 17. Plaintiff timely complied with the Court's Order directing him to file an Amended Complaint. Doc. 21. Accordingly, the Court now conducts the requite frivolity review on Plaintiff's Amended Complaint.

> 3. Plaintiff's Eight Amendment deliberate indifference to a serious medical needs claim against Defendants Carver, Johnson, John Doe 1, John Doe 2, Boggs, Kitchen, Barkley, and Henderson.

## PLAINTIFF'S CLAIMS[2]

Plaintiff, a prisoner incarcerated at Ware State Prison ("WSP"), brings several claims in his 42 U.S.C. § 1983 suit concerning events which occurred at WSP. Doc. 21. Plaintiff's claims in his Amended Complaint arise from his placement in a shower for 34 hours, denial of medical care for AIDS/HIV, including denial of his medically prescribed diet food tray, and a conditions of confinement claim arising form the confiscation of his personal property. Id. Plaintiff also brings claims under the Eleventh Amendment's immunity and privileges clause and the Fourteenth Amendment's equal protection clause.[3] Id. at 6.

## I. Cruel and Unusual Punishment Claim

Plaintiff brings a claim against Defendants Carver, Johnson, John Doe 1, John Doe 2, Payne, Coleman, and Wicker for locking Plaintiff in a shower stall from December 9 until December 11, 2019. Id. at 8–9. After Defendants Carver and Johnson placed Plaintiff in the shower, Defendants John Doe 1, John Doe 2, and Payne saw Plaintiff in the shower stall and did not remove him. Id. Instead, they allowed him to remain locked in the shower stall without food, water, a toilet, or medical care. Id. During this time, Plaintiff was left in the shower stall without any meals, water, use of the toilet, medication, or other medical treatment. Id. Plaintiff remained locked in the shower from about 5 p.m. on December 9, 2019, until the morning of

---

[2] All allegations set forth here are taken from Plaintiff's Amended Complaint. Doc. 21. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

[3] Plaintiff contends his due process claim is based on the Sixth Amendment, but he describes a discrimination claim. Doc. 21 at 6 ("The Plaintiff has a right . . . to not be treated different from the same class of people."). Thus, the Court construes Plaintiff as asserting a Fourteenth Amendment equal protection claim rather than a claim falling under the Sixth Amendment or a due process claim.

December 11, 2019.  Id. at 9.  Plaintiff also alleges Defendants Coleman and Wicker allow other prison officials to lock inmates in shower stalls and were aware or should have been aware Plaintiff was locked in the shower.  Id. at 9.  That is, Plaintiff claims Defendants Coleman and Wicker explicitly and implicitly approved of Defendants Carver and Johnson locking him in the shower for 34 hours.  Id.  Plaintiff states Defendants locking him in the shower stall, or allowing him to be locked in the shower stall, violated the Eighth Amendment's prohibition on cruel and unusual punishment.  Further, Plaintiff explains he experienced severe pain, including swelling of his legs, ankles, and feet, stomach pain, and mental and emotional distress, as a result of Defendants locking him in the shower stall.  Id. at 14.

## II.   Conditions of Confinement Claim

Plaintiff brings a claim against Defendants Johnson, Carver, and Williams for confiscating his property.  Id. at 11.  Plaintiff states Defendants Johnson, Carver, and Williams confiscated all his personal property so Plaintiff was unable to brush his teeth, shower, change his clothes, and had no bed sheets or towels.  Id. at 11.  Thus, Plaintiff brings an Eighth Amendment conditions of confinement against these Defendants.  Plaintiff claims he experienced emotional, mental, and physical injuries as a result of Defendants confiscating his personal property and leaving him unable to brush his teeth, shower, or change his clothes and without bed sheets or towels.  Id. at 14.

## III.   Deliberate Indifference Claims Related to Plaintiff's HIV/AIDS

Additionally, Plaintiff brings an Eighth Amendment claim related to prison officials denying him medication for HIV/AIDS and denial of his medically prescribed meals.  Id. at 10.  Plaintiff explains he has been diagnosed with HIV/AIDS and is prescribed medication, as well as

a special high-calorie meal, to treat his condition.  Id.  However, various Defendants have interfered with Plaintiff's treatment by denying him medication or meals.  Id.

Specifically, Plaintiff brings a claim against Defendant Carver, Johnson, John Doe 1, and John Doe 2 for denying him meals and medication, which are part of his HIV/AIDS treatment regimen, while locked in the shower from December 9 to December 11, 2019.  Id. at 11–13.  Further, Plaintiff explains other prison officials failed to provide him with his medically prescribed meals.  Plaintiff alleges Defendant Boggs failed to provide Plaintiff 19 prescribed meals between December 31, 2019 through May 12, 2020.  Id.  Similarly, Defendants Kitchen, Barkley, and Henderson each deprived Plaintiff of three of his prescribed meals, and Defendant Barkley deprived Plaintiff of his prescribed supper meal on January 29, 2020.  Id. at 12–13.  Plaintiff claims he experienced emotional, mental, and physical injuries, as a result of Defendants denying him medication and his diet meal trays which are a part of his HIV/AIDS treatment.  Id. at 14.

Plaintiff is suing all Defendants in their individual capacities.  Id.  Plaintiff seeks monetary damages for physical injuries and mental distress related to the above-described claims.  Id.

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The

pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

### I. Plaintiff's Fourteenth Amendment Equal Protection Claim

Plaintiff brings a Fourteenth Amendment equal protection claim against all Defendants, alleging Defendants treated him differently than people of the same class. Doc. 21 at 6. However, Plaintiff does not identify the comparative class of people, nor does he identify the basis for this alleged discrimination.

"To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." Sweet v. Sec'y Dep't of Corr., 467 F.3d 1311, 1318–19 (11th Cir. 2006). The discrimination must be intentional or purposeful. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Where the claim is invidious discrimination in contravention of the

First and Fifth Amendments, our decisions make clear that the plaintiff must plead and prove that the defendant acted with discriminatory purpose."). "Even arbitrary administration of [prison regulations], without purposeful discrimination, does not violate the equal protection clause." E & T Realty v. Strickland, 830 F.2d 1107, 1114 (11th Cir. 1987) (citations omitted); McCleskey v. Kemp, 481 U.S. 279, 292–93 (1987) (simple disparity of treatment between individuals of different races is insufficient to establish discrimination).

Here, Plaintiff fails to provide any basis for the purported discriminatory treatment by prison officials. Put differently, Plaintiff does not demonstrate Defendants treated him differently based on his race, religion, national origin, or some other constitutionally protected basis. Sweet, 467 F.3d at 1318–19. Thus, Plaintiff's allegations do not indicate disparate treatment resulting from discrimination. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's equal protection claims.

## II.     Plaintiff's Eleventh Amendment Claims

Plaintiff also brings a claim against all Defendants under the Eleventh Amendment's privileges and immunities clause. Doc. 21 at 6. The Eleventh Amendment governs when and whether a state may be sued but does not protect an individual's rights. Put differently, "the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies." Alabama v. Pugh, 438 U.S. 781, 781 (1978). Thus, a violation of the Eleventh Amendment cannot form a basis for Plaintiff's § 1983 suit. Further, the Eleventh Amendment is not implicated because the state or its agents are not being sued. Instead, Plaintiff is only suing Defendants in their individual capacities. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claim under the Eleventh Amendment to the extent he intended to state such a claim.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Amended Complaint: Plaintiff's Fourteenth Amendment equal protection claim; and Plaintiff's Eleventh Amendment claim. However, I **FIND** some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order:

1. Plaintiff's Eighth Amendment cruel and unusual punishment claim against Defendants Carver, Johnson, John Doe 1, John Doe 2, Payne, Coleman, and Wicker;

2. Plaintiff's conditions of confinement claim against Defendants Johnson, Carver, and Williams; and

3. Plaintiff's Eight Amendment deliberate indifference to a serious medical needs claim against Defendants Carver, Johnson, John Doe 1, John Doe 2, Boggs, Kitchen, Barkley, and Henderson.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Amended Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in

7

whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 21st day of May, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA