## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

FREDDIE LEWIS IRVIN,

        Plaintiff,

    v.

JEFF COLEMAN, et al.,

        Defendants.

CIVIL ACTION NO.: 5:20-cv-109

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 21. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Daniels, Brown, Jowcers, Green, Martin, Jame, Varnadore, Bolds, and Heaton.[1]

## BACKGROUND

    Plaintiff, a prisoner incarcerated at Ware State Prison ("WSP"), brings several claims concerning events which occurred at WSP. Doc. 21. Plaintiff initially filed his Complaint on

---

[1]     A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Plaintiff his claims are due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

August 20, 2020, doc. 1, and the Court conducted frivolity review, doc. 11.  In the resulting

Report, I recommended dismissal of several of Plaintiff's claims.  Id.  Plaintiff then filed

Objections, in which he stated new claims.  Doc. 14.  As a result of these new allegations, the

Court vacated its December 16, 2020 Report and ordered Plaintiff to file an Amended

Complaint.  Doc. 17.  Plaintiff timely complied with the Court's Order directing him to file an

Amended Complaint.  Doc. 21.  I then conducted frivolity review on Plaintiff's Amended

Complaint.  Doc. 22.  Ultimately, Plaintiff was permitted to proceed on his Eighth Amendment

claims against Defendants Carver, Johnson, John Doe 1, John Doe 2, Coleman, Wicker,

Williams, Boggs, Kitchen, Barkley, and Henderson.  Doc. 26.

In Plaintiff's initial Complaint, he made allegations against Defendants Daniels, Brown,

Jowcers, Green, Martin, Jame, Varnadore, Bolds, and Heaton.  Doc. 1 at 15–20.  However,

Plaintiff did not include any allegations against these Defendants in his Amended Complaint.

See generally Doc. 21.  Nonetheless, these individuals remain listed as Defendants on the docket

in this action.

## DISCUSSION

The Eleventh Circuit Court of Appeals has held a district court properly dismisses a

defendant where a plaintiff fails to state any allegations that associate the defendant with the

purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008)

("While we do not require technical niceties in pleading, we must demand that the complaint

state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

As to Defendants Daniels, Brown, Jowcers, Green, Martin, Jame, Varnadore, Bolds, and Heaton,

Plaintiff fails to make any allegations against these Defendants in his Amended Complaint, does

not describe who these individuals are, or describe how they are connected to any constitutional

violation.  In fact, Plaintiff does not name them as Defendants in the "parties" section of his Amended Complaint.  Doc. 21 at 2.  Accordingly, I **RECOMMEND** the Court **DISMISS** Defendants Daniels, Brown, Jowcers, Green, Martin, Jame, Varnadore, Bolds, and Heaton.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Daniels, Brown, Jowcers, Green, Martin, Jame, Varnadore, Bolds, and Heaton.  Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

      **SO REPORTED and RECOMMENDED**, this 28th day of September, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA